IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARY JOHN GARRETT BYRD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-747-MHT-WC |
| ) | |
| COMFORT INN-TUPELO, MISSISSIPPI, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are the Motion to Dismiss for lack of Personal Jurisdiction (Doc. 9) and Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue (Doc. 10) filed by the Defendants designated in the Complaint as Comfort Inn-Tupelo, Mississippi, Fusion Hospitality, LLC, and Bruce Patel. The motions have been referred to the undersigned Magistrate Judge for disposition or recommendation as may be appropriate. *See* Doc. 24. For the reasons that follow, the undersigned RECOMMENDS that the Motion to Dismiss for lack of Personal Jurisdiction (Doc. 9) be denied as moot and that the Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue (Doc. 10) be granted and that this matter be dismissed for improper venue.

**I.     THE COMPLAINT**

Plaintiff filed her Complaint (Doc. 1) on November 2, 2017. Plaintiff sues the above-mentioned Defendants, as well as a person named Amanda Daniels. Plaintiff alleges jurisdiction in this court is based upon "diversity and interstate commerce." Doc. 1 at ¶ 1.

Plaintiff alleges that she is a citizen of Alabama, "and the Defendant Comfort Inn is a Mississippi business." *Id.* at ¶ 2. There are no allegations of citizenship respecting any of the Defendants. Plaintiff appears to possibly assert that the court's federal question subject matter jurisdiction is invoked because, allegedly, "the Defendant Mississippi business wrongfully acted to involve a governmental entity, the Tupelo Police Department, for a non-business purpose in violation of the civil rights of the Plaintiff[,] thereby creating a number of other federal questions in this matter, including with the Federal Commerce Clause." *Id.* at ¶ 3. Plaintiff alleges that venue is proper in this judicial district "since the Plaintiff resides in this Federal Court Circuit-the Middle District of Alabama[,]" at a physical address situated in Montgomery, Alabama. *Id.* at ¶ 4.

According to the Complaint, Plaintiff is a "70 year old white female . . . who was mistreated and defamed by Defendant Comfort Inn-Tupelo on or about February 14, 2017[.]" *Id.* at ¶ 5. "Defendants are Comfort Inn-Tupelo, its employees who were black who had contact with the Plaintiff and its owner Fusion Hospitality, LLC and/ Bhupender "Bruce" Patel, a non-white doing business in America." *Id.* at ¶ 6. In short, the relevant facts are as follows: Plaintiff and her husband were guests of the Comfort Inn in Tupelo, Mississippi, on February 14, 2017. They "planned on staying in Tupelo two or three days in accord with their prior reservations." *Id.* at ¶ 7. On February 15, 2017, at approximately 12:30 p.m., Plaintiff was alone in her hotel room working on the couple's "income tax records." *Id.* Plaintiff alleges "the hotel employees came into the Plaintiff's room and proceeded to arrest her in an irate flurry of confusion with a Tupelo Officer being present, who had already been wrongfully informed that the Plaintiff was not lawfully in the room."

2

*Id.* Plaintiff was arrested and taken to the Tupelo Police Department, however, "ultimately the case was dismissed." *Id.* at ¶ 8.

Plaintiff incurred expenses in defending her criminal charges in Mississippi, including posting a bond, retaining a criminal defense attorney, and traveling numerous times to Tupelo to deal with the matter. *Id.* at ¶ 11. Plaintiff has not received an apology or explanation from the Defendant hotel for the events that transpired on that day. *Id.* at ¶ 12.

From this pool of allegations, Plaintiff purports to present claims alleging violations of rights secured by the Constitution and federal laws:

> The conduct of the Defendant(s) . . . supports the Plaintiff's averment that she has been denied both substantive and procedural due process rights granted by the Civil Rights Act of 1964, as amended, 42 USC Sections 1983 and 1981 along with the guarantees of the U.S. Constitution's 5th, 14th and 1st Amendments[.]

*Id.* at ¶ 17. Specifically, she charges "REVERSE RACIAL DISCRIMINATION ALLEGATIONS AGAINST ALL THE DEFENDANTS IN THIS MATTER," as well as alleges violations of her rights to free speech and free association, "[d]enial of property interest or right without proper due process," "Equal Protection Clause violations, by not treating the Plaintiff like others similarly situated," and, after her "request of federal law compliance made to Defendant(s)," retaliation against her "in violation of Federal law's anti-retaliation provisions and 'whistle blower' protection provisions." *Id.* Plaintiff also purports to present "STATE COURT TORTS," including "Multiple Acts of Harrassment," "Multiple Act of Assualt," "Slander," "Libel," "Mental Anguish," "Interference with

Contract," "Intentional Infliction of Emotional Distress-Outrage," and "Invasion of Privacy." *Id.* at ¶ 20.

Plaintiff seeks recovery of "Compensatory Damages, Consequential Damages, Punitive Damages and Declaratory Relief, and such equitable relief or other relief this Honorable Court deems appropriate, including but not limited to Equitable Attorney Fees and Court Costs in addition to clearing the Plaintiff's criminal record of all improper and/or retaliatory matters and restoring her funds which have wrongfully been taken by Defendants[.]" *Id.* at 7-8.

## II.   DEFENDANTS' MOTIONS

As referenced above, the Defendants designated in the Complaint as Comfort Inn-Tupelo, Mississippi, Fusion Hospitality, LLC, and Bruce Patel have filed a Motion to Dismiss for lack of Personal Jurisdiction (Doc. 9) and a Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue (Doc. 10).[1]

The Motion to Dismiss for Lack of Personal Jurisdiction is presented pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  In the motion, Defendants argue that, as to general jurisdiction, none of the Defendants have sufficient minimum contacts with Alabama, as all Defendants reside, conduct business, and maintain all relevant

---

[1] Defendants' motions clarify that the corporate Defendants, Comfort Inn-Tupelo, Mississippi, and Fusion Hospitality, LLC, are improperly designated by Plaintiff.  Comfort Inn-Tupelo is properly designated as LeeB2, LLC, while Fusion Hospitality, LLC, is properly designated as ABRMP Management, LLC, d/b/a Fusion Hospitality, LLC.  As to the individual Defendants, Bruce Patel does not contest his designation in the Complaint and the court's docket indicates that the remaining individual Defendant, Amanda Daniels, was served with the Complaint on November 14, 2017.  *See* Doc. 6.  Ms. Daniels is not one of the instant movants and has not filed her own motion to dismiss or otherwise responded to the Complaint.

4

documents in Mississippi, and that, as to specific jurisdiction, "[n]o part of the events, acts or omissions occurred in Alabama." Doc. 9 at 5. Defendants also maintain that, even if any Defendant possessed sufficient minimum contacts with Alabama to support this court's exercise of jurisdiction, due process nonetheless requires the court to decline such jurisdiction in accord with "traditional notions of fair play and substantial justice." *Id.* at 10. Defendants' motion is supported by the affidavit of Logan Bruckner Ayers, an employee of Fusion Hospitality, in which Mr. Ayers avers that all of the moving Defendants reside and conduct all business, and maintain all relevant record-keeping, in Mississippi, and that no Defendant has any sufficient contacts with the State of Alabama to support the exercise of personal jurisdiction. *See* Doc. 18-1.

The Motion to Dismiss for Improper Venue or, in the alternative, Motion to Transfer Venue is presented pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. This motion again presents Defendants' assertions that all Defendants, as well as any other individuals or entities referenced in the Complaint, other than Plaintiff, lack any contacts with Alabama, and that all the events described in the Complaint occurred in Mississippi. Doc. 10 at 5-6. Hence, Defendants contend that venue in this matter is appropriate only in the Northern District of Mississippi, and that this matter should therefore be dismissed because the interests of justice do not favor a transfer of the matter to that judicial district. *Id.* at 9. Defendants also contend, however, that, even if venue were appropriate in this District, the case nevertheless should be transferred to the Northern District of Mississippi in the interests of justice because Plaintiff could have filed the Complaint in that District

5

and the convenience of the parties and witnesses weighs in favor of litigating the suit in that District. *Id.* at 10-13.

On December 12, 2017, the undersigned entered an Order (Doc. 19) directing Plaintiff to show cause, on or before December 27, 2017, why Defendants' motions should not be granted. Plaintiff has not filed any response to the motions or otherwise responded to the court's Order.

### III.  DISCUSSION

#### A.  Personal Jurisdiction

The moving Defendants' argument that this court lacks personal jurisdiction over them is well-taken. To the extent the Complaint may be construed as alleging the citizenship of any Defendant, such is plainly alleged to be in Mississippi. Doc. 1 at ¶ 2. As such, Defendants are nonresidents. Because they are contesting personal jurisdiction, and have submitted cognizable and probative supporting evidence, Plaintiff has the burden of establishing that they are subject to the jurisdiction of the court. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *see also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (describing burden shifting framework of litigating motions to dismiss for lack of personal jurisdiction).

Here, the Complaint does not allege sufficient facts to establish even a *prima facie* case of personal jurisdiction over the moving Defendants. Morever, even if the Complaint were not deficient on its face, because Plaintiff has failed to respond to Defendants' personal jurisdiction arguments, she has failed to carry her burden of producing "'evidence supporting jurisdiction'" in response to Defendants' evidentiary showing. *Mosseri*, 736

F.3d at 1350 (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). Because Plaintiff has not even attempted to carry her burden, and because the court finds that dismissal for the alternative reason sought by Defendants is appropriate, the court need not belabor the point and set out a comprehensive analysis of Defendants' personal jurisdiction arguments in this Recommendation. It is sufficed for present purposes to conclude that, were the Complaint not subject to summary dismissal for other reasons, Defendants' motion to dismiss for lack of personal jurisdiction would be due to be granted.

    **B.**    **Venue**

The court need not dismiss the moving Defendants for lack of personal jurisdiction because, as the Defendants argue in the alternative, the Complaint is due to be dismissed for improper venue. The federal venue statute, 28 U.S.C. § 1391, provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b). Rather than pleading any facts tending to show the applicability of any one of these possible bases for venue, Plaintiff asserts that venue is appropriate in this District "since Plaintiff resides in this Federal Court circuit-the Middle District of Alabama," at a

physical address located in Montgomery. Doc. 1 at ¶ 4. The statute authorizes no such basis for venue. Thus, Plaintiff's allegation of venue is deficient.

Rule 12(b)(3) of the Federal Rules permits a defendant to move for dismissal based on improper venue. Twenty-eight U.S.C. § 1406(a) further provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The statute therefore instructs district courts to dismiss, rather than transfer, a case filed in an improper venue unless the interest of justice weighs in favor of a transfer. Courts have generally recognized that the primary reason to transfer, rather than dismiss, an action brought in an improper venue is prejudice to a plaintiff in the form of the running of a relevant statute of limitations. *See, e.g., Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). Courts have also considered whether the plaintiff acted in good faith in bringing the action in the improper venue, or whether the complaint was intended more to harass the defendant. *See, e.g., King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992).

Here, the undersigned concludes that dismissal is appropriate, and that transfer of the case to an appropriate judicial district is not in the interest of justice. Although the undersigned acknowledges that the Complaint purports to present state law tort claims including, *inter alia*, "Multiple Acts of Harassment," "Multiple Acts of Assault," "Slander," and "Libel,"[2] and that, according to the Complaint, such claims likely accrued

---

[2] It is important to clarify here that, although the Complaint ostensibly presents these claims, the undersigned does not find the claims well-pleaded under the interpretation of Rule 8 of the Federal

on or about February 15, 2017, and, finally, that the statute of limitations for such actions in Mississippi appears to be one year, *see* Miss. Code Ann. § 15-1-35, Plaintiff has made no argument that the operation of this statute of limitations will cause any prejudice to her presenting her claims in the appropriate federal court in Mississippi.  Where Plaintiff cannot be bothered to challenge Defendants' assertion of improper venue, or even to argue that the interest of justice weighs in favor of a transfer rather than a dismissal, the court should not conceive and apply Plaintiff's "interest of justice" argument on her behalf.

The undersigned has no specific reason to believe that Plaintiff acted in bad faith in bringing her lawsuit in this District, or that the suit is intended only to harass Defendants. But, even if the lawsuit is the product of bad lawyering rather than bad faith, Plaintiff's utter failure to engage with Defendants' arguments and advocate for any specific outcome in this matter should ultimately be determinative.  Plaintiff filed a largely deficient Complaint in an improper venue and based her allegation of venue on a patently erroneous understanding of the law governing venue.  She failed to respond to Defendants' motions to dismiss for lack of personal jurisdiction and/or venue, and therefore has failed to show how the interest of justice could weigh in favor of a transfer of the case to an appropriate

---

Rules of Civil Procedure promulgated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In general, as the review set out earlier in this Recommendation makes clear, Plaintiff's allegations are conclusory and lacking in sufficient factual detail to sustain her claims.  There are no allegations of conduct by the individual defendants named in the suit.  Given that, it is unclear who, specifically, assaulted, defamed, or otherwise harmed Plaintiff.  The Complaint is thus a quintessential "shotgun pleading," and is unusually scattershot considering that it was drafted and filed by an attorney.  Were the Complaint properly brought in this District, that too would be a basis for dismissal of the Complaint.  But even if this court cannot dismiss the Complaint for that deficiency, it nevertheless militates against any transfer of the case in the interest of justice.

venue. As such, the court is commanded by § 1406(a) to dismiss, rather than transfer, this action.

### IV.   CONCLUSION

For all of the foregoing reasons, the undersigned Magistrate Judge hereby RECOMMENDS that Defendants' Motion to Dismiss for lack of Personal Jurisdiction (Doc. 9) be DENIED as moot, and that Defendants' Motion to Dismiss for Improper Venue, or, in the alternative, Motion to Transfer Venue (Doc. 10) be GRANTED and that the Complaint be DISMISSED pursuant to 28 U.S.C. § 1406(a) for improper venue. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 15, 2018**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent

all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 1st day of February, 2018.

<u>/s/ Wallace Capel, Jr.</u>
CHIEF UNITED STATES MAGISTRATE JUDGE